## APPEAL OF ESTATE OF JOSEPH ARNOLD, FRANK HICKMAN AND S. E. POPE, EXECUTORS.

Docket No. 2314.  Submitted June 8, 1925.  Decided September 30, 1925.

Decision in *Appeals of W. C. Schroth and John G. Scroth*, 2 B. T. A. 169, affirmed.

*Frank I. Ford, Esq.*, for the taxpayer.
*John D. Foley, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This appeal is taken from the determination of a deficiency of $849.90 in income tax for the calendar year 1919. The taxpayer contends that the Commissioner used an erroneous method of computation in determining the amount of profit realized on the disposition of stock acquired subsequent to March 1, 1913. There is no dispute as to the disposition of stock acquired prior to March 1, 1913, the March 1, 1913, value exceeding the sales price and being less than cost.

### FINDINGS OF FACT.

1. Prior to September 18, 1919, Joseph Arnold, deceased, was the owner of 405 shares of the common stock of the Phoenix Milling Co., a corporation. Of this stock 175 shares were acquired by Arnold prior to March 1, 1913, and the remaining 230 shares were acquired thereafter. All of the 405 shares were acquired by purchase at $100 per share.

2. The capital stock of the Phoenix Milling Co. was divided into 2,250 shares of common stock, having a par value of $100 per share, and 710 shares of preferred stock, having a par value of $100 per share.

3. On September 11, 1919, the stockholders of the Phoenix Milling Co., other than Arnold, agreed to sell their common stock to W. E. Keller, president of, and acting in behalf of, the Globe Grain and Milling Co., at $216 per share less 5 per cent discount for cash,

making a net price of $205.20 per share. They also agreed to sell their preferred stock at $100 per share.

4. On September 18, 1919, Joseph H. Arnold and Henry W. Arnold made a similar agreement by which they were to sell their stock on the same terms as the other stockholders.

5. In addition to the provisions relating to the sales of stock, these agreements provided that certain real estate, personal property, and corporate stock, owned by the Phoenix Milling Co., and having a book value of $163,804.69, should be retained by the stockholders. The purchaser of the capital stock of the Phoenix Milling Co. agreed to make, execute, and deliver to the stockholders whatever documents might be required to vest title to the property in them. Later, in September, 1919, the net book value of these assets was determined to be $160,676.46, which, prorated to the 2,250 shares of common stock, made a value of $71.41 per share.

6. That part of the agreements relating to the sale of the stock of the Phoenix Milling Co. was carried out during the year 1919 and the stockholders received $205.20 in cash for each share of common stock. Joseph H. Arnold received $47,196 for his 230 shares.

7. The purchaser of the stock caused to be conveyed to the Globe Grain and Milling Co. all the assets of the Phoenix Milling Co., except those agreed to be retained by the former stockholders.

8. The capital stock of the Phoenix Milling Co. was reduced, by proper legal proceedings taken by the purchaser, from $230,000 to $164,000, divided into 1,640 shares of common stock of the par value of $100 each.

9. That part of the agreements providing for the vesting of title to certain assets in the old stockholders of the Phoenix Milling Co. was never carried out, but on November 31, 1921, pursuant to an agreement between the old stockholders and W. E. Keller, acting on behalf of the Globe Grain and Milling Co., the capital stock of the Phoenix Milling Co. then issued and outstanding in the amount of $164,000 was transferred to the old stockholders in proportion to their stockholdings prior to the sale in 1919. Under this agreement the estate of Joseph Arnold received 295.2 shares of common capital stock.

10. The Commissioner determined that the taxpayer realized a profit on the 1919 transaction of the difference between $100 per share, which was the cost of acquisition, and $276.61, representing the cash received and the value per share of the assets which it was agreed were to be retained by the stockholders. By this method the Commissioner determined that the taxpayer had realized a net profit of $176.61.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

GRAUPNER: This appeal is based upon the same transactions in stock as were involved in the *Appeals of W. C. Schroth and John G. Schroth*, 2 B. T. A. 169. Those appeals were submitted on the pleadings. In the present appeal counsel stipulated the major facts and oral evidence was offered, but there is nothing in either the stipulation or the evidence to convince us that we should modify our decision in the two appeals which have been decided.

ARUNDELL not participating.